## Sullivan, Appellant, *v.* Allegheny County.

Argued April 14, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

Before KENNEDY, J.

*Roslyn M. Litman,* with her *Litman & Litman,* for appellants.

*John R. Bredin,* with him *Pringle, Bredin & Martin,* for Allegheny County, appellee.

*Anton W. Bigman,* for Braddock School District, appellee.

*Francis A. Muracca,* for Borough of Braddock, appellee.

Opinion by Hirt, J., September 11, 1958:

The minor plaintiff lived with her parents in a three-room rear apartment on the third floor of a building on Braddock Avenue in the Borough of Braddock. Eight families in all lived in as many apartments on the third and fourth floors of the building. The first two floors were used for business purposes. The defendants took title to the premises by sheriff's deed on a sale for delinquent taxes on March 10, 1951, in a proceeding brought by the County of Allegheny. Attached to the rear of the building there was an iron fire escape with a landing on each of the floors. The photographs in evidence indicate the failure of the owners to maintain the structure in proper repair for a period long before the defendants bid in the property. In the section running from the ground level to the first floor, there was one step entirely missing, and the angle iron which had supported another step had completely rusted away from the metal stringer, thus removing support at one end of the step. Two treads were completely missing from the section of the stairs leading to the third floor. The photographs disclose an old building in a state of disrepair in other respects as well.

Adjoining the apartment house property there was a vacant lot which served as a playground for the children of the neighborhood. About 6 p.m. on the evening of May 27, 1952 the minor-plaintiff, age 4½ years, was playing with two somewhat older children. The fire escape was attractive to the playing children, and on this occasion some of the older ones were climbing the structure to the fourth floor intending thence to go through the building and down the inside stairway to the exit onto Braddock Avenue. The child-plaintiff followed them and between the second and third landings fell through the opening left by one of the missing steps, a distance of 22 feet to the cement paving below.

When her mother first observed the child on the fire escape and ran to her aid it was too late to prevent the fall. The mother reached her as she was lying at the foot of the fire escape apparently unconscious. The child was seriously injured. Plaintiffs' medical testimony was that as a result of the fall the child sustained a severe laceration of the forehead, a fractured arm, a cerebral concussion causing traumatic epilepsy and a partial paralysis of the sixth cranial nerve which will continue to result at times, in double vision.

In this action brought on behalf of Patricia for pain and suffering and for future damages, the jury found for the child in the very moderate (in the light of her injuries) sum of $2,500. The parents sued for the medical expense in a considerable amount. The jury denied them recovery in any sum on a finding that they were chargeable with, and barred by, their contributory negligence. The majority of us are of the opinion that the court erred in the refusal of a new trial under the circumstances.

Except for evidence on the medical issues, the defendants offered no testimony. The fact therefore that the jury charged the plaintiff parents with contributory negligence, without any testimony from the defendants, invites a close scrutiny of the charge of the trial court on the subject. Referring to the cause of action by the parents in their own right the trial judge charged: "Now, as to the parent plaintiffs, it is submitted to you, arguendo, that these parents, by their own testimony, knew that this fire escape was being used by the children; they knew it was in disrepair, and that they didn't take proper precautions. They are bound by the knowledge, that all of us are, that children do act on emotion, on impulse, that they didn't throw out sufficient safeguards so that Patricia would not use that fire escape, and that, therefore, they are chargeable

with contributory negligence by allowing the child to go out into the vacant lot and to be alongside and near that fire escape without having someone older to either watch her or to use some means, when they knew that it was in disrepair, that she wouldn't attempt to go up that fire escape.

"Well now, that question of contributory negligence is going to be a matter for you, the jury. Considering all of the circumstances that Patricia would have a right to recover under conditions that I have explained to you, but that necessarily doesn't mean that the parents would have a right to recover. If you would find that they did not assume the duties, the obligations, the surveillance over Patricia, with the knowledge that they had, you would be warranted in denying them a verdict. But, if you find that, considering their status in life, the multiple obligations of a housewife, the time of day, the facts, if you believe all this testimony, that the husband worked at night, were having their evening meal before he probably rested a while, then would go to his work, and all the surrounding circumstances, and you believe her testimony, that she frequently—maybe she said even on this particular evening, warned Patricia not to go near the fire escape, then it would be a matter for you to determine if, considering all of those circumstances the parents did exercise that degree of surveillance over their child, at that age, that they couldn't be charged with any wrong doing in not exercising more affirmative surveillance and protection to her. That is going to be a matter for you and your good common sense, whether or not the parents are charged with contributory negligence in permitting Patricia to go to this vacant lot at that time of evening, knowing the disrepair of this fire escape, because they themselves are bound by their own testimony as to the condition of the fire escape. The father, Mr. Sullivan, as I go

through my notes, was not interrogated at all—I don't know, maybe it may have been that the lawyers just wanted to save time in not having too much of an accumulative record, maybe some other reason, that again is for you too—he was not asked anything about this fire escape when he was called to the stand. He was testifying mostly about Patricia's condition of health. But whether or not the parents are guilty of contributory negligence is for you to decide and you would decide it based on the testimony submitted by themselves because you will bear in mind here that other than medical testimony, the defendants offered no contra testimony."

Under our Pennsylvania decisions (cf. *Dattola et ux. v. Burt Bros., Inc.*, 288 Pa. 134, 135 A. 736; *Goldberg et al. v. P. R. T. Co.*, 299 Pa. 79, 149 A. 104) the present parents as plaintiffs presented, prima facie, a case free from contributory negligence. There was no proof that the child had ever been on the fire escape before, and since there is evidence that she was specifically warned against climbing upon it, the presumption is that the parents gave the child proper care. *Goldberg et al. v. P. R. T. Co.*, supra. That the resources of these parents were limited is a fair inference from the fact that the family continued to live in 3 rooms of a run-down apartment house for 5 years prior to the date of the injury. Every child needs some play in the open air. And it is difficult to infer from the plaintiffs' testimony just what type of supervision could have been provided by this mother who had, in addition to her household duties, the care of another younger child. Patricia was in the company of two other somewhat older children while she was playing in the vacant lot. She was 4½ years old when injured but she was 8 years old at the time of trial. She testified that she had never been on the fire escape before, and the

testimony of her mother was that she had warned the child never to go upon the dangerous structure. The mother testified that she was ironing clothes near the rear window of the kitchen at the time. She said that she was giving attention to the child at play in the neighboring lot, by observing her through the rear window as often as her housework would permit; and the speed with which she arrived at the side of her injured child lends credence to her statement.

In our considered opinion the conviction of the parent plaintiffs of contributory negligence on the charge of the court, taken as a whole, cannot stand. The long established rule in Pennsylvania (supported by Section 477, Restatement, Torts, which has been approved by our Supreme Court in *Giannone v. Reale,* 333 Pa. 21, 25, 3 A. 2d 331) is that the burden of proving contributory negligence is upon the defendant. It is true that the court should not limit the jury to the evidence, if any, produced by the defendant in determining whether contributory negligence existed. Such burden resting upon the defendant may be sustained if the plaintiff by his own proof reveals that his negligence contributed to the injury. *Giannone v. Reale,* supra. "The rule is sometimes stated to be that a plaintiff must present a case free of contributory negligence. But this does not mean that plaintiff has the burden of proving that there was no contributory negligence. The burden of proving that defense is on the defendant": *Hepler, Admrx. v. Hammond,* 363 Pa. 355, 69 A. 2d 95. Again it has been said: "A plaintiff, in order to recover, is not required to disprove contributory negligence, but only to make out a case which does not conclusively disclose its existence . . .": *Grimes v. Yellow Cab Co. et al.,* 344 Pa. 298, 305, 25 A. 2d 294. Recently our Supreme Court said in *Heimbach v. Peltz,* 384 Pa. 308, 315, 121 A. 2d 114: "It is misleading to say that there

is a 'duty' on the plaintiff in the sense that he has an affirmative burden to show that he was *not* negligent. He is not compelled to produce evidence to exculpate himself from an automatic charge of contributory negligence simply because he is the plaintiff in a negligence action. He carries no onus to do any particular thing in this respect. His task is to prove by a preponderance of evidence that the defendant was negligent and that that negligence was the proximate cause of his misfortune."

As we view the court's charge as a whole on the subject of contributory negligence we are impressed by the fact that the court unduly emphasized possible contributory negligence on the part of the parent plaintiffs but at no time told the jury that the burden of proving their contributory negligence rested, not upon them, but upon the defendants. Accordingly under the charge the jury were justified in mistakenly assuming that the parent plaintiffs had the affirmative burden of disproving contributory negligence. The failure of the trial judge to charge clearly as to defendants' burden to establish contributory negligence, under the circumstance, was inadequate in law and tended to mislead the jury and for this reason constituted fundamental error requiring a grant of a new trial, although only a general exception was taken to the charge. *Hess v. Mumma et al.,* 136 Pa. Superior Ct. 58, 7 A. 2d 72; *Randolph, Admr. v. Campbell,* 360 Pa. 453, 62 A. 2d 60; *Pleasant v. Carr,* 387 Pa. 634, 130 A. 2d 189.

In his closing to the jury on behalf of the Borough of Braddock, one of the defendants, the borough's counsel said: "They [i.e., the plaintiffs] want to push the burden on to the taxpayers." The remark was not reported and for that reason not made a part of the record by the court stenographer. But the trial judge has stated that it is "probably correct" that before counsel

for plaintiffs "had an opportunity to say much of anything" [i.e., to object] the judge stopped the argument "and admonished the jury to entirely disregard the comment." The argument that the suit in reality was against the taxpayers was highly improper as an appeal to prejudice, in an effort to cut down the amount of any award for damages and the remark well may have had its effect in reducing the damages awarded to the amount of the present verdict. We need not decide whether the remark in itself would entitle plaintiffs to a new trial under the circumstances, however prejudicial (cf. *Narciso v. Mauch Chunk Twp.*, 369 Pa. 549, 87 A. 2d 233) since a new trial must be granted for the reasons above stated.

Judgments reversed with a venire.

WRIGHT, J., would affirm upon the opinion of Judge KENNEDY for the court en banc.