Eisert *v.* Jones, Appellant.

Argued March 15, 1960. Before JONES, C. J., MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Irving Olds Murphy*, with him *Gifford, Graham, MacDonald & Illig,* for appellant.

*Gerald A. McNelis, Sr.,* with him *McNelis and McNelis,* for appellee.

OPINION BY MR. JUSTICE BOK, April 18, 1960:

Following a jury's verdict for defendant, the court below granted a new trial and defendant has appealed.

The court did not certify, when requested, that its action was based on a single reason, but referred to its opinion, which deals with several errors alleged by plaintiff and fastens on two to justify its grant of new process.

Since we feel that the case should properly be tried again, we will not pass on the factual or legal questions of negligence but will refer to such parts of the evidence as are needed to sustain our approval of the action below.

The accident occurred at the corner of Plum and Eleventh Streets in Erie on a snowy, slushy day. Plaintiff's decedent, driving a truck, was going East on Eleventh, a through highway, and defendant was going North on Plum, which was controlled by a stop sign. Cars were parked to the corner along the south side of Eleventh west of Plum. Defendant drifted to the curb line from the stop sign by letting her car creep on its hydromatic gear without touching the accelerator. Near the curb line she saw the truck coming and braked. Whether she stopped before the collision is somewhat uncertain: she testified that she did, but in a statement given to the police there is a possible indication that she hit the truck near the rear instead of its front-swiping her. No part of the truck forward of the right rear wheel was damaged, and the whole front of defendant's car showed crush.

There may have been some discrepancy in the defendant's testimony over how far away from her the truck was when she first saw it, but the farthest version was "alongside the back of the first [parked] car" which a policeman measured as twenty-four feet west of the west curb line of Plum. She estimated the truck's speed as 35 miles per hour, and her statement to the police that "it seemed to me it was coming very fast" was allowed in evidence.

In cross-examination defendant was asked: "How long had you been driving before this accident?" This obviously did not refer to that particular day, as her route prior to the collision was thoroughly gone into. An objection to the question was sustained.

In his charge to the jury the trial judge did not mention "how the jury should approach the question of defendant's estimate of the decedent's speed." The point is not unimportant because of the short distance over which defendant saw the truck travel and of its angle of approach to her. The opinion then explains that the question of how long defendant had been a driver seemed objectionable in so far as the answer might relate to negligence, but should have been allowed as bearing on her ability to judge speed.

It was for these combined reasons that a majority of the court en banc felt the charge inadequate and granted a new trial.

We feel that the weight of reason should lead us to affirm.

In *Mozino v. Canuso*, 384 Pa. 220 (1956), 120 A. 2d 300, the present Chief Justice said: "One who appeals from the grant of a new trial assumes a very heavy burden indeed. Before we will reverse, the appellant must be able to show that the trial court was guilty of a palpable abuse of discretion or acted on an erroneous rule of law which, in the circumstances, controlled the outcome of the case and is certified by the trial court as the sole reason for the granting of a new trial."

It is the duty of the trial judge so to clarify the issues that the jury will understand what they have to decide: *Pleasant v. Carr*, 387 Pa. 634 (1957), 130 A. 2d 189. Inadequacy of a charge may be taken advantage of by a general exception where the absent instructions are vital to a proper conception by the jury of the fundamental law involved: *Randolph v. Campbell*, 360 Pa. 453 (1948), 62 A. 2d 60; *Hess v. Mumma*, 136 Pa. Superior Ct. 58 (1939), 7 A. 2d 72; *Sullivan v. Allegheny County*, 187 Pa. Superior Ct. 370 (1958), 144 A. 2d 498.

In *Patterson v. Pittsburgh Railways Co.*, 322 Pa. 125 (1936), 185 A. 283, we said: "where, as here, the

case calls loudly for such instructions, the failure to give them must be regarded as basic and fundamental error. . . Indeed, even in the absence of a general exception, the appellate court of its own motion may reverse. . ." It is our duty to review and determine whether there has been an abuse of discretion: *Decker v. Kulesza,* 369 Pa. 259 (1952), 85 A. 2d 413.

We think that the case "called loudly" for directions about how to judge speed, due to the closeness of the truck when defendant first saw it, and her experience in driving as it bore on her ability to judge speed was directly involved: see *Kotlikoff v. Master,* 345 Pa. 258 (1942), 27 A. 2d 35. Since the two errors were basic, the grant of a new trial was not an abuse of discretion.

While the court below did not resort to the weight of the evidence or to the interests of justice as reasons for granting a new trial, it refused to certify a single reason and referred to its opinion. We regard this as a silent signpost pointing to the entire case. Reading it fully, we cannot ignore the absence of damage to the truck forward of its right rear wheel and the possible discrepancies in defendant's evidence referred to above, in addition to the court's stated reasons. While we are not primarily concerned with the weight of the evidence, because of the verdict (*Wilson v. Kallenbach,* 332 Pa. 253 (1938), 2 A. 2d 727), it has some imponderable value in setting doubts at rest regarding the exercise of discretion by the court en banc.

The order is affirmed.