## Grochowski *v.* Ardes, Appellant.

Argued January 9, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*George J. McConchie,* with him *John F. Cramp,* for appellant.

*Howard Richard,* with him *Berman, Richard & Brian,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, March 13, 1961:

The complaint in this action of trespass sought damages for the death of the plaintiff's decedent as a result of his being struck by an automobile owned and operated by the defendant. The action was instituted by the deceased's personal representative who claims damages under both the Wrongful Death Act of April 26, 1855, P. L. 309, as amended, 12 PS §1602, and the Survival Act (Section 603 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.603).

At trial, the jury returned a verdict for the defendant. Plaintiff filed a motion for a new trial which, after argument before the court en banc, was granted in an opinion by the trial judge who conceded harmful error in the charge to the jury in respect of alleged contributory negligence. The defendant has appealed the new trial order.

Our examination of the record confirms that the court below exercised a sound discretion in awarding a new trial. The plaintiff had submitted timely a point for charge which correctly set forth the law with respect to the burden of proving contributory negligence. However, the trial judge refused the request with the statement that "Point Number 2 [i.e., the pertinent request] has already been covered by the charge and I see no reason for repeating it; exception." Nowhere in the charge had the court actually placed the burden upon the defendant of proving that the deceased had been contributorily negligent. In fact, the trial judge's instructions in effect conveyed an opposite impression, as the opinion for the court below expressly so recognizes. Such being the situation, the court en banc very properly declared that "In the instant case, the jury should have received clear instructions concerning the burden of proof regarding plaintiff's possible contributory negligence. Failure to so instruct requires that a new trial be granted." That is particularly so since the court had been specifically requested to give cognate instruction to the jury and had failed to do so.

Order affirmed.