## Stegmuller, Appellant, *v.* Davis.

Argued April 27, 1962. Before BELL, C. J., JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Miles Warner*, for appellant.

*William J. McKinley, Jr.*, with him *Swartz, Campbell & Henry*, for appellee.

OPINION BY MR. JUSTICE EAGEN, June 28, 1962:

Plaintiff-appellant sued the defendant-appellee for injuries caused by the latter's alleged negligent conduct. A jury trial resulted in a verdict for the defendant. This appeal is from the judgment entered following an order denying a new trial. The errors assigned relate to the trial judge's instructions to the jury on the issue of liability.

The case arises out of an unfortunate accident. The only witnesses to its occurrence were the party litigants. The plaintiff is the proprietor of a small auto-

mobile service station. The defendant drove his car to plaintiff's place of business and requested that the engine or motor be inspected because it was knocking and making an unusual noise.

The plaintiff's testimony may be summarized as follows: he lifted the hood; the engine was running; the plaintiff said to defendant, "shut your engine off"; the defendant entered the automobile, seated himself and stopped the engine; the plaintiff then started to work on the fan belt which was twisted; after "nearly a minute" the defendant without any warning started the motor; one of plaintiff's fingers became engaged in the moving machinery and was amputated.

The defendant's testimony and description of the incident was substantially the same as the plaintiff's, except he testified that he restarted the motor almost instantly, or with only a pause of one or two seconds, after he shut it off. He also stated that he was not aware that the plaintiff had begun work on the motor during the interval.

It is our conclusion that the trial judge inadvertently erroneously instructed the jury in important respects and that justice requires that a new trial be granted. For instance, he told the jury: *"The burden rests upon the plaintiff to satisfy you by the weight of the believable evidence in the case that the accident was* caused by the carelessness on the part of the defendant and *not contributed to by any carelessness or negligence on the part of the plaintiff.*[1] If you find the plaintiff, by his own carelessness contributed to the accident and the injuries, the plaintiff cannot recover from the defendant." This, of course, is not the law. The burden of proving the existence of contributory negligence is upon the defendant: *Good v. Pittsburgh,* 382 Pa. 255, 114 A. 2d 101 (1955); *Heimback v. Peltz,*

---

[1] Emphasis supplied.

270

384 Pa. 308, 121 A. 2d 114 (1956). In the last mentioned case, we held that instructions which stated that it was the duty of the plaintiff "to make out a case free of contributory negligence" was misleading and erroneous. Again, in *Brown v. Jones,* 404 Pa. 513, 172 A. 2d 831 (1961), we ruled that the trial court committed reversible error in charging the jury that " 'the plaintiff is obliged to show you a case which is free from contributory negligence.' " See also, *Grochowski v. Ardes,* 402 Pa. 614, 168 A. 2d 327 (1961), wherein we stated that if the question of plaintiff's contributory negligence is an issue at trial, that it is the duty of the trial court to clearly instruct the jury that the burden of proof is upon the defendant.

We are fully cognizant that in one portion of the charge the trial judge did correctly state the law in regard to the point under discussion. However, a study of the instructions in toto clearly demonstrates that the tenor of the entire charge erroneously placed the burden of disproving the existence of contributory negligence upon the plaintiff. We have repeatedly said that a charge must be read as a whole and that it is the general effect thereof that is controlling. Again in *Hisak v. Lehigh Valley Transit Co.,* 360 Pa. 1, 6, 59 A. 2d 900 (1948), we pointed out that "Where an erroneous instruction consists of a palpable misstatement of the law, it is not cured by a conflicting or contradictory one which correctly states the law on the point involved." If the charge of the court is basically and fundamentally in error, a general exception is sufficient to protect the rights of the prejudiced party: *Eisert v. Jones,* 399 Pa. 204, 159 A. 2d 723 (1960).

Again, the trial judge charged the jury as follows: *"You can ask yourselves the question as to whether the plaintiff said to the defendant, 'Turn the motor on after you get in the car.' Of course you have the right to infer that from all the evidence which you believe to*

*have been proven because of the fact that he took a seat in the car.*"[2] There was absolutely not an iota of evidence to warrant this instruction. Neither party so testified or even hinted that such happened. It was a suggestion or invitation to the jury to engage in pure speculation on a very material point. It was clearly erroneous. Plaintiff's counsel entered specific and timely exceptions to this portion of the charge.

A trial judge should never submit to a jury a conjectural theory of negligence or causation. A point of fact not warranted by the evidence should not be submitted: *Susser v. Wiley,* 350 Pa. 427, 39 A. 2d 616 (1944) ; and *Hepler v. Hammond,* 363 Pa. 355, 69 A. 2d 95 (1949).

Judgment reversed, new trial ordered.

———

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:
I would affirm the judgment.

Considering the charge as a whole and in its entirety I find no reversible error.

———

[2] Emphasis supplied.