## Millili v. Alan Wood Steel Company, Appellant.

Argued January 12, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Thomas J. Burke,* with him *James S. Kilpatrick, Jr.,* and *Haws & Burke,* for appellant.

*Charles A. Lord,* with him *Harry T. Rosenheim, Jr., John A. McMenamin,* and *Richter, Lord, Toll & Cavanaugh,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, May 3, 1965:

On August 20, 1961, Peter Millili, the plaintiff in this case, lost his right hand, or a good part of it, when a crane passed over it as he was performing a paint job in the mill of the Alan Wood Steel Company. He brought a trespass action against Alan Wood Steel and the jury returned a verdict in favor of the defendant. Millili moved for a new trial which was granted by the court en banc on the basis that the trial judge had erred in failing to instruct the jury that, if the operator of the crane was guilty of reckless or wanton misconduct, the plaintiff could recover regardless of any possible contributory negligence.

The defendant Alan Wood Steel appeals, seeking reversal, contending that the plaintiff had not requested the trial judge to charge on reckless or wanton misconduct, that he took no specific or general exception to the charge and that the failure to charge on the subject in question was not such fundamental and basic error to warrant a new trial.

In *Patterson v. Pittsburgh Railways Company*, 322 Pa. 125, this Court said: "Inadequacy of a charge may be taken advantage of on general exception where the instructions omitted are vital to a proper conception by the jury of the fundamental principles of law involved . . . Indeed, even in the absence of a general exception the appellate court of its own motion may reverse because of basic and fundamental error.".

In *Hader v. Coplay Cement Mfg. Co.*, 410 Pa. 139, 145, Justice JONES, speaking for the Court, pointed out that: "Upon appellate review we are not bound by the reason or reasons advanced by the court below in support of a judgment or order for it is the judgment or order itself which is the subject of review." and quoted Chief Justice WOODWARD, who said, in *Thomas v. Mann*, 28 Pa. 520, 522: "The only error upon the record is a wrong reason for a right judgment; but, as we review

not reasons but judgments, we find nothing here to correct."

The pertinent rule was even more forcibly declared in *Sherwood v. Elgart*, 383 Pa. 110, 115: "The rule here applicable is that a correct decision will be sustained if it can be sustained for any reason whatsoever; in other words we will not reverse in such a case even though the reason given by the Court below to sustain its decision was erroneous."

On the whole record we find that the action of the court below in ordering a new trial was proper.

The instrumentality involved in this case was a mill crane which, contrary to the make-up of most vehicles, usually travels on a track which is above rather than below the traveling apparatus. The crane operator thus cannot always see the track over which his machine moves. On the day of the accident here in controversy, Millili was standing on a suspended scaffold some 50 feet above the ground, engaged in painting the underside of the structure sustaining the crane and track. To apply the brush to the painting surface it became necessary for him to bend over and, in doing so, it became equally necessary that he cling to something. He clutched with one hand the crane track rail above him as he leaned over painting with the other hand. Before he began this particular movement, he noted that the crane was in a stationary stance some three or four feet away from him. Suddenly and without warning it moved toward him and, in the plaintiff's words, "he cut my hand right away." The operator stopped the crane and the plaintiff exclaimed to him: "What have you done to me? My hand is cut off." The operator replied: "I didn't realize that you were there."

The operator testified that he did see a man standing on the scaffold, that is, he could see his legs. And then, at a point, he said, he saw that the man's legs

"started climbing up," undoubtedly the spasmodic reaction of pain resulting from the crushing and severing of the hand above. After stopping the crane the operator saw Millili "hanging on the side," he grabbed him and applied a tourniquet to the bleeding hand, or what was left of it.

In his charge to the jury, the trial judge said: "Just by this rule was the plaintiff negligent in grasping the rail upon which the crane traveled, in determining whether the plaintiff was negligent your answer to the question of fact already called to your attention will be of some assistance. If you find that the plaintiff was negligent, then it would be your duty to return a verdict for the defendant. In such case you need give the instructions going to damage no further consideration."

When the verdict was rendered in open court, plaintiff's counsel asked for a poll of the jurors. The court clerk asked: "How do you find in this issue?" Juror No. 1 replied: "We feel that it was negligence."

Since the jury had found for the defendant, it is obvious that when Juror No. 1 said "We feel that it was negligence," she was not referring to negligence by the defendant. She was referring to negligence of the *plaintiff* as explained by the trial judge when he put the question: "Was the plaintiff negligent in grasping the rail?" In this particular part of his charge, the trial judge referred to a potential plaintiff's "negligence" three times in two immediately succeeding sentences.

Of course, there is nothing wrong about designating "contributory negligence" as "negligence", but in a case of this character where the alleged negligence and alleged contributory negligence were in such close juxtaposition as almost to be intertwined, the trial judge should have taken pains to differentiate sharply

between negligence and contributory negligence. This he failed to do.

As already stated, the crane operator testified that he saw the plaintiff on the scaffold. He knew that this workman was painting, even though he saw only his legs. But if he saw the legs, it did not require much reasoning on his part to realize that the workman's hands could not be too far away and that, in order to retain his perch on the scaffold, one of the painter's hands could well be grasping the rail above his head. The trial judge, however, although nothing could possibly have been further from his intentions, in all probability misled the jury into believing that the plaintiff had the burden of proving that he was without fault in holding on to that rail. In the early part of his charge, the judge said: "It is required of a workman working in a place of danger that he exercise care for his own safety according to the circumstances. He, the workman, knows that he is working, occupying a place of danger and his care must be commensurate with the danger. He equally knows that he must perform faithfully the services required of him, both the obligation to protect himself from harm in this place of danger and the obligation to perform faithfully the services required of him, and must be met with a due regard for the other."

At the end of his charge the judge said to the jury: "The court reminds you that we have had testimony that it is required of a workman working in a place of danger that he exercise care for his own safety, according to the circumstances. He, the workman, knows that he is occupying a place of danger and his care must be commensurate with the danger. He equally knows that he must perform faithfully the services required of him, both the obligation to protect himself from harm in this place of danger and the obligation to perform faithfully the services required must be met

with a due regard for the other duty. Judged by this rule, was the plaintiff negligent?"

This repetition by the judge, almost word for word, of what he had already told the jury about the obligation of the plaintiff-workman could not but have influenced the jury into believing that it was the *plaintiff* who had to defend himself rather than the *defendant*. The inevitable inference from this double-barreled insistence that the plaintiff had an obligation to protect himself from danger, and be faithful to his employer (although no one had questioned that Millili was anything other than a faithful employee) was that there was something wrong about the plaintiff placing his hand on the rail. But there was no more fault attaching to this act than there is in placing one's hand on a cold stove. It is only when heat is introduced into a stove that it can burn. The plaintiff could not ipso facto be charged with contributory negligence because he grasped the rail. The rail was a wholly innocuous agency, so long as the crane was not running. The rail provided an anchorage for the workman as he bent over to paint, 50 feet above the ground, doing his work and performing "faithfully the services required." A line workman may climb, with perfect safety, a telegraph pole to which high tension wires are strung before the electricity is turned on. A cleaner may work safely on the floor of a twenty-foot deep swimming pool before the water gushes in. A plane mechanic may, with complete insouciance, walk out on the wing of a jet plane before it leaves the ground. Thus, Millili's grasping of the crane track rail could not of itself constitute contributory negligence and the court erred in failing to charge that the burden of proof was on the defendant to prove that, by taking hold of the rail, the plaintiff had culpably contributed to his own tragedy.

Contributory negligence is wholly extraneous to the issue in controversy unless it contributes to the happening of the event which causes injuries. The fact that one enters a street in violation of a traffic ordinance is of no consequence if he is injured later by circumstances wholly unrelated to the manner in which he entered the street. The fact of Millili's hand on the rail was wholly irrelevant except that Millili had the duty to know that the crane would operate while he had his hand on that rail. He testified that previously the foreman would inform the painters when the crane was to be used, but on the day of the accident no such warning was given, nor did the crane operator sound any warning signal. In addition, the crane was not equipped with a hand fender or a warning horn as required by a rule of the Department of Labor and Industry.

In spite of all this, the plaintiff, according to the judge's charge, was required to exculpate himself before the jury. In *Stegmuller v. Davis,* 408 Pa. 267, the judge charged the jury that the plaintiff had the burden of proving "carelessness on the part of the defendant and not contributed to by any carelessness or negligence on the part of the plaintiff." This Court held that such was not the law. "The burden of proving the existence of contributory negligence is upon the defendant."

In *Heimbach v. Peltz,* 384 Pa. 308, this Court declared that an instruction which declared that a duty devolved on the plaintiff "to make out a case free of contributory negligence" was misleading and erroneous. In *Brown v. Jones,* 404 Pa. 513, we found reversible error in a court's charge which stated that "the plaintiff is obliged to show you a case which is free from contributory negligence."

It is a mistaken idea that contributory negligence is a minor incident in a case and can be treated casu-

ally in the court's charge. Contributory negligence can be fatal to a plaintiff's case and, therefore, must be established with that solemnity and quantum of proof required to establish any vital fact. The defendant has the burden, which never shifts, to prove that the plaintiff was contributorily negligent. The defendant's burden in this respect is no different from that carried by the plaintiff in establishing negligence on the part of the defendant. Thus, if the plaintiff has proved by a preponderance of the evidence that the defendant was negligent, but the evidence as to contributory negligence is equally balanced, the plaintiff is entitled to the verdict because, in such a situation, the defendant has failed to carry his burden of proof. A fortiori, where the plaintiff's evidence of noncontributory negligence outweighs the defendant's evidence of contributory negligence, the plaintiff on this phase of the case must prevail.

The case at bar called loudly for instructions on the burden of proof regarding contributory negligence. The court's charge contributed not even a whisper to this vital phase of the case. Such muteness constituted basic and fundamental error. In *Patterson v. Pittsburgh Railways,* supra, we said: "Where, as here, the case calls loudly for such instructions, the failure to give them must be regarded as basic and fundamental error."

The jury was also entitled to instructions on that phase of the law which has to do with reckless or wanton misconduct. The failure on the part of the defendant to notify painters of the operation of the crane on the day of the accident could easily be characterized as negligence, but the question arises as to whether the failure of the operator to warn the plaintiff when he (the operator) knew of the plaintiff's nearness to the macerating wheel of his crane could not be appraised as reckless or wanton misconduct. In *Kasanovich v.*

*George,* 348 Pa. 199, the decedent was walking in the pathway of a streetcar with his back to the car, which struck and killed him. The trial court found the decedent's conduct to be contributory negligence per se and granted binding instructions in favor of the defendant company. This Court reversed and, speaking through Chief Justice STERN, said: "Instead of giving binding instructions for defendant, the learned trial judge should have instructed the jury that, even if the motorman was grossly negligent, plaintiff, because of decedent's contributory negligence, cannot recover, but that such contributory negligence would not be a bar if the motorman was guilty of wanton misconduct, that is, if he exhibited a reckless disregard for decedent's safety after observing his perilous position and realizing the danger involved in proceeding at a high rate of speed and without giving warning of his approach."

In the case at bar the crane operator was aware that the course of his crane could traverse the spot where the plaintiff's hand might well be, he gave no warning when he was about to start his crane, and, in handling the controls of his machine, faced away from the plaintiff. These facts would justify the court charging on reckless or wanton misconduct, and we find that the court below did not abuse its discretion in ordering a new trial on that basis alone.

Order affirmed.

Mr. Justice EAGEN and Mr. Justice ROBERTS concur in the result.

---

CONCURRING OPINION BY MR. CHIEF JUSTICE BELL:

I concur in the grant of a new trial because it was fundamental error to fail to charge the jury that defendant has the burden of proving that plaintiff was guilty of contributory negligence: *Stegmuller v. Davis,* 408 Pa. 267, 182 A. 2d 745. Cf. *Pleasant v. Carr,* 387

Pa. 634, 130 A. 2d 189. However, I must add this warning—if plaintiff's evidence shows that he was guilty of contributory negligence he cannot recover: *Bohner v. Eastern Express, Inc.,* 405 Pa. 463, 468, 175 A. 2d 864.

While the Court's erroneous charge on contributory negligence was not the basis for its Order granting a new trial, ". . . a correct decision will be sustained if it can be sustained for any reason whatsoever; in other words, we will not reverse in such a case even though the reason given by the Court below to sustain its decision was erroneous: [Citing cases]": *Sherwood v. Elgart,* 383 Pa. 110, 115, 117 A. 2d 899.

There was no evidence of wanton negligence, as the trial Judge mistakenly believed. In *Geelen v. Pennsylvania R. R. Co.,* 400 Pa. 240, 161 A. 2d 595, the Court correctly stated the law (page 248) : ". . . wanton misconduct is substantially different from simple negligence and even gross negligence, not only in degree but in kind. In order to exist it must be found that the engineer, in this case, had *actual knowledge\** of the decedent's peril for a sufficient length of time before the accident to give him a reasonable opportunity to stop the train and avoid the accident and, despite this actual prior knowledge, the engineer manifested a reckless disregard of decedent's danger . . . ."

Since there was no evidence of wanton negligence, it would have been improper to charge on that point: *Hronis v. Wissinger,* 412 Pa. 434, 437, 194 A. 2d 885.

---

CONCURRING OPINION BY MR. JUSTICE JONES:

The court below granted a new trial on the ground that the trial judge had erred in failing to charge the jury that, if the crane operator was guilty of wanton

---

\* Italics, ours.

misconduct, the plaintiff, regardless of any contributory negligence on his part, could recover. For the reason assigned, I agree with the action taken by the court below.

However, I must disassociate myself from the statements and implications in the majority opinion as to the *effect* of contributory negligence on the right of the plaintiff to recover, if the defendant was negligent rather than guilty of wanton misconduct, and as to the infirmity of the instructions of the trial judge on the subject of contributory negligence.

The standard of conduct to which the instant plaintiff was required to conform was well stated in *Gregorius v. Safeway Steel Scaffolds Co.*, 409 Pa. 578, 584, 187 A. 2d 646. It is my opinion that, if the instant plaintiff's conduct fell short of such standard and if plaintiff's conduct was a "juridical cause of the injury, and not simply a condition of its occurrence" (*McFadden v. Pennzoil Company*, 341 Pa. 433, 436, 19 A. 2d 370; *Geelen v. Pennsylvania R.R. Co.*, 400 Pa. 240, 248, 161 A. 2d 595), then, absent wanton misconduct on the defendant's part, the plaintiff cannot recover. Under our case law the burden of proving such contributory negligence is upon the defendant. That does not mean, however, that if plaintiff, in his own case, produces evidence which reveals that he was guilty of contributory negligence, he can recover. The language of the majority opinion appears to approve the doctrine that, even though plaintiff's own case reveals contributory negligence, nevertheless plaintiff may still recover, a doctrine to which I do not subscribe.

Moreover, my examination of the instructions given by the trial judge indicates that such instructions adequately and properly covered the subject of contributory negligence, except on the impact of contributory negligence if the defendant was guilty of wanton misconduct.

I would affirm the grant of a new trial solely on the ground assigned by the court below.

Mr. Justice O'BRIEN joins in this opinion.

---

CONCURRING OPINION BY MR. JUSTICE COHEN:

I concur in affirming the order of a new trial, but I do so only on the ground that it was fundamental error to fail to charge the jury that defendant had the burden of proving that plaintiff was contributorily negligent.