Farrell *v.* Bonner, Appellant.

Argued January 5, 1967. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Esther R. Sylvester,* with her *John F. Naulty,* for appellants.

*Tom P. Monteverde,* with him *Schnader, Harrison, Segal & Lewis,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, March 14, 1967:

Joseph J. Farrell, the plaintiff in this case, is the son-in-law of Mrs. Celia K. Bonner and brother-in-law of Mary Fay Bonner, defendants. On April 30, 1960, Farrell appeared at the home of the defendants in Philadelphia to pick up a television set which he was to take to Atlantic City for Mrs. Bonner. He stepped on a rag throw-rug covering a landing at the foot of a stairway, the rug skidded, he lost his balance and fell heavily, sustaining injuries. In the lawsuit which followed he recovered a verdict of $10,000. The defendants have appealed, asking for judgment n.o.v., or, in the alternative, a new trial.

The defendants assert that the plaintiff failed to establish negligence. The Restatement 2d, Torts, §342, provides: "A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and (c) the licensees do not know or have reason to know of the condition and the risk involved."

"A licensee is a person who is privileged to enter or remain on land only by virtue of the possessor's consent." (Restatement 2d, Torts, §330).

There was evidence that Mrs. Bonner was a devoted slave to neatness, shine and gloss. She waxed her floors once a week, applying wax with a generous hand and making it glisten with an electric polisher. As the wax accumulated and the floors achieved additional slickness, the daughter Mary, fearing involuntary gymnastics, urged her mother to lessen the intensity of her polishing process. The mother was not convinced. She said that "the lint from our rugs made the floors look gooey after it has been tracked through the house and onto the hardwood floors." Suiting action to the word, she took up the bottle of liquid wax and poured generously from it once or twice a week "to clean the lint that had gathered."

What Mary apprehended, came to pass. One day as she was descending the stairway, she stepped on a throw-rug covering the landing, and, in the instant, found herself on an unwanted, if not unexpected, skiing leap. Mary said she had the impression she was "on an icy street." What saved her from serious injury was that she had the presence of mind to grab a handrail as she flew by it. With further facts to substantiate her complaint, Mary asked her mother to "please stop waxing the floor." The mother, like an addict to an unbreakable habit, said she would desist from waxing, and then went back to waxing more enthusiastically than ever.

Then came the brother-in-law, Joseph J. Farrell, and he took a flight on the same rug. After he had landed, Mary saw on the floor a skid mark. At this point the wax had been applied with such liberality that the indentation caused by Farrell's journey cut into the wax to a depth of $1/8$ to $1/4''$, with a width of $3/4''$ and a length of $18''$.

Mary's flight and Farrell's accident might still have been averted, in spite of the excessive wax on the floor,

if the throw-rug had been underlined with an abrasive or non-skidding fabric. This, however, was not the case.

The appellants urge that it is not negligence per se for a landowner to wax floors. This is true, but everything can be overdone. Too much milk can drown a cat. Butter spread over bread too thickly and too often can skid one into cholesterolemia. There is an appreciable difference between a floor that is waxed for cleanliness and beauty, and a floor that is so waxed it can qualify as a skating rink. If a floor is so waxed that a simple rug placed over it acquires locomotion when stepped on, the jury would be justified in concluding that there was negligence in the way the wax was applied and maintained. In *Strout v. American Stores Co.*, 385 Pa. 230, we said with regard to waxed floors that " 'The real question was whether such alleged improper application created a condition so obviously dangerous to amount to evidence from which an inference of negligence could arise.' "

In *Penn v. Isaly Dairy Co.*, 413 Pa. 548, the plaintiff was injured when she slipped on a yellow waxy substance on the floor in the defendant's store. There was evidence that the flat heel of the plaintiff's shoe made a skid mark and there was evidence that the floor had been waxed periodically by applying liquid wax with a dry mop. We held that "from this testimony, the jury could have found that appellee [the defendant store] had negligently allowed wax to accumulate at the spot where Mrs. Penn [the plaintiff] fell, thereby creating a dangerous condition." We said also that: "In action such as this, where plaintiffs seek to recover damages for personal injuries caused by negligence in creating and maintaining a dangerous condition, they are not required to prove the exact manner in which the condition developed; nor is it necessary

to prove notice where the condition has been created by defendant's own antecedent active conduct."

The appellants argue they are entitled to judgment n.o.v. because the plaintiff was guilty of contributory negligence as a matter of law since he had visited the Bonner home many times and knew the state of the floor. This again was a question of fact for the jury. The appellants argue that the plaintiff was at fault because he did not grab the newel post before he fell. But there was nothing in the house or on the floor to suggest to him that he should walk about grabbing furniture and newel posts as if he were aboard a pitching ship in a violent storm.

Although a gratuitous licensee, Farrell was about to perform a service for Mrs. Bonner. He was to take her to Atlantic City and transport to that point her television set. He was in the house by invitation. Farrell had no way of knowing that the innocent looking rug on which he stepped, in order to reach for the television set, was lying on such an accumulation of wax that it acted like a set of rollers and sent him reeling into a herniation of a lumbar disc and nervous shock.

The appellants point out that Farrell had been in the house a number of times before his flight from the landing and therefore he had to know of the condition of the floors. The jury could find that Mrs. Bonner had been on an unusual spell of waxing a week or two before he arrived and he would, of course, have no way of knowing of the danger which lurked beneath the innocuous rug. All this was a question of fact for the jury.*

Finally, the appellants contend, in seeking a new trial, that the court erred in allowing evidence of the

---

* *Malitovsky v. Harshaw Chemical Company*, 360 Pa. 279; *Lear v. Shirk's Motor Exp. Corp.*, 397 Pa. 144; *Millili v. Alan Wood Steel Co.*, 418 Pa. 154.

condition of the floor prior to the accident and several days after the accident. The trial court disposed of this contention properly as follows: "It is contended that certain evidence as to the condition of the floor of the landing prior to and subsequent to the accident should not have been admitted. There was proof that one of the defendants had slipped and fell on the floor within the week prior to the time that plaintiff sustained his injuries. This is certainly not too remote in light of the testimony that the floor continued to be waxed thereafter. Hence, a case where there was no showing that a dangerous condition continued to the time of the accident is clearly distinguishable. Cf. Nestor v. George, 354 Pa. 19, 20-21. Besides, this evidence was presented without objection after a prior question as to a past fall, not limited as to time, was objected to, and the objection was sustained."

Judgment affirmed.

Mr. Justice JONES and Mr. Justice ROBERTS concur in the result.