Fugagli *v.* Camasi, Appellant.

2

Argued March 20, 1967. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

 

*Stuart A. Culbertson,* with him *Paul E. Allen,* for appellant.

*Gerald D. Prather,* for appellee.

OPINION BY MR. JUSTICE EAGEN, May 24, 1967:

This appeal is from an order in the court below granting a new trial in an action arising out of a fatal automobile accident, wherein the jury found for the defendant. We will affirm.

Plaintiff's decedent was a guest passenger in an automobile operated by the defendant. While traversing a curve on an upward grade on a public highway, the automobile went out of control, left the roadway, col-

lided with the guardrails running adjacent thereto, bounced back on the road and came to a standing position straddling the highway. Plaintiff's decedent was thrown from the automobile and received injuries which caused his death.

From the evidence the jury could find that the defendant was operating the automobile while under the influence of intoxicating liquor, and that at a point approximately three-tenths of a mile from the scene of the accident the automobile was traveling at a rate of speed of at least 90 miles an hour.

In awarding a new trial, the court below stated "the record shouts for justice for the plaintiff" and specifically concluded that the trial judge erred in not submitting to the jury the question of whether wanton misconduct on the part of the defendant was the proximate cause of the accident. With this we agree.

In *Evans v. Phila. Trans. Co.*, 418 Pa. 567, 574, 212 A. 2d 440, 443 (1965), we defined wanton misconduct by stating it " 'means that the actor has intentionally done an act of an unreasonable character, in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow.' "

It is not necessary for the tortfeasor to have actual knowledge of the other person's peril to constitute wanton misconduct. Such exists if he has knowledge of sufficient facts to cause a reasonable man to realize the existing danger for a sufficient period of time beforehand to give him a reasonable opportunity to take means to avoid the danger and, despite this knowledge, he recklessly ignores the other person's peril. See *Wilson v. Pa. Railroad Co.*, 421 Pa. 419, 219 A. 2d 666 (1966). Certainly under the proof in the present case, the jury could have found the existence of wanton misconduct and the question should have been submitted to it for consideration.

4

Appellant contends that since only a general exception was entered to the charge and no request was made for instructions on the point under discussion, the plaintiff is now precluded from complaining about such an inadequacy. This is not so where the instructions omitted are vital to a proper conception of the case, for such an inadequacy constitutes basic and fundamental error, and a general exception is sufficient to protect the rights of the prejudiced party. See *Stegmuller v. Davis*, 408 Pa. 267, 182 A. 2d 745 (1962); *Sweitzer v. Whitehead*, 404 Pa. 506, 173 A. 2d 116 (1961); *Eisert v. Jones*, 399 Pa. 204, 159 A. 2d 723 (1960); and *Patterson v. Pittsburgh Railways Co.*, 322 Pa. 125, 185 A. 283 (1936). If the jury found in this case the existence of wanton misconduct on the part of the defendant and that it was the proximate cause of the accident, then contributory negligence on the part of the decedent would not have barred recovery and the jury should have been so instructed. This was never called to its attention and from a reading of the record it is more than obvious that the question of decedent's own negligence was an important factor throughout the trial of this case, and may well have been the influencing point in the result reached. The absence of instructions on such an important issue, under the circumstances, constituted fundamental error and deprived the jury of a correct conception of the case.

Finally, appellant contends that the trial court erred in admitting evidence of the speed at which the defendant's automobile was operated three-tenths of a mile from the accident site, citing *McCaulif v. Griffith*, 110 Pa. Superior Ct. 522, 168 A. 536 (1933). However, we have held that testimony as to the speed and operation of an automobile at a point near and a short time before the collision is admissible and relevant to the speed of the vehicle at the time of the accident. See,

*Finnerty v. Darby*, 391 Pa. 300, 138 A. 2d 117 (1958). "Whether the evidence is too remote in time and distance depends upon the facts in each case, and to an extent whether it is the only evidence or is corroborative of other admissible evidence of speed": *Finnerty v. Darby*, supra, at 315, 316. Under the proof in this case the challenged evidence was clearly relevant and for the jury's consideration.

Immediately before the accident the defendant's automobile was being pursued by a police car which, while doing 90 miles an hour, was unable to overtake it. Because of the topography the pursuing police officer momentarily lost sight of the defendant's automobile for about three-tenths of a mile immediately prior to the accident. However, within seconds he came upon the wreck in the roadway. In view of all the existing circumstances, the challenged evidence was properly admitted. See 1 Henry, Penna. Evidence §43 (4th ed. 1953), and 1 and 2 Wigmore, Evidence §§97 and 382 (3d ed. 1940).

Order affirmed.

Mr. Justice ROBERTS concurs in the result.