## Moll v. Fehnel

*Howard N. Stark*, for plaintiffs.
*Jackson M. Sigmon*, for defendant.

FRANCIOSA, *J.*, July 19, 1971 — The matter before us concerns preliminary objections to an amended complaint in trespass which alleges that defendant engaged in careless, reckless, wanton and willful misconduct by operating a motor vehicle while "under the influence of drugs or under the influence of alcohol."

Defendant's objections state that "the amendments added to paragraph 6 of the original complaint are objectionable in that they are scurrilous and improper pleadings." In his brief, counsel for defendant states that the preliminary objections are meant to raise the "scandalous and impertinent" nature of the pleadings.

While we are willing to consider the preliminary objections as being in that nature, we cannot understand the relief which defendant seeks to obtain by reason of them. Where a pleading contains scandalous and impertinent matter, it may be stricken on a preliminary objection in the nature of a motion to strike. However, defendant is requesting that his preliminary objections be given the effect of a "Speaking Demurrer." In addition, he sets forth therein that "in view of the serious charges brought under the Amended Complaint" depositions of defendant should be taken prior to the court's disposition of his preliminary objections.

In our view, defendant is asking this court to take two steps which cannot be justified at this stage of the case. First, it seems to us that defendant is demanding that we require plaintiffs to prove their case at a time when they need do nothing more than plead it. Secondly, it appears that defendant is urging us to resolve factual allegations in plaintiffs' pleadings on the basis of depositions taken of the adverse party.

Indeed, the allegations of the amended complaint do contain serious charges, but averments in a pleading which are relevant and material to the issues of the case cannot be condemned as scandalous and impertinent. See 29 P. L. Encyc., Pleadings, §§113, 114, and citations therein.

We believe that the holdings in Fugagli v. Camasi, 426 Pa. 1, 229 A. 2d 735 (1967), and Focht v. Rabada, 217 Pa. Superior Ct. 35, 268 A. 2d 157 (1970), make the allegations contained in paragraph 6 of the amended complaint relevant and material to the issues of the instant case.

In Fugagli v. Camasi, supra, recklessness has been held to encompass driving while intoxicated. Under Focht v. Rabada, supra, Pennsylvania has adopted the rule that punitive damages as set forth in section 908 of the Restatement of Torts may be awarded where defendant was driving while under the influence of intoxicating liquors.

In this regard, plaintiffs' amended complaint includes a claim for punitive damages. Section 908(1) of the Restatement, Torts provides: "'Punitive damages' are damages other than compensatory or nominal damages awarded against a person to punish him for his outrageous conduct." Comment (b) to the above section states that: "Punitive damages are awarded only for outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interests of others."

We conclude that the allegations in plaintiffs' amended complaint of driving "under the influence of drugs or under the influence of alcohol," "outrageous conduct," "bad motive," "reckless indifference" and "intentionally doing an unreasonable act" properly describe a course of conduct making one liable for punitive damages and, therefore, such allegations are not scandalous and impertinent in a complaint which attempts to set forth grounds for the awarding of punitive damages.

Since we have arrived at this conclusion, there is no necessity for discussion of the technical issues

raised by the preliminary objections which plaintiffs have filed to defendant's preliminary objections to the amended complaint.

Accordingly, we enter the following

## ORDER

And now, July 19, 1971, defendant's preliminary objections to plaintiffs' amended complaint in trespass are denied and dismissed.