## Kress v. Breighner

*Roy A. Keefer,* for plaintiff.
*Robert P. Reed,* for defendant.

KUHN, *J.,* March 13, 1990 — This litigation arises out of an alleged negligent sale of kerosene on November 11, 1986. On that date, plaintiff's wife purchased from defendants what she believed to be kerosene for use in a kerosene heater. Unfortu-

nately, according to plaintiff the can was filled with gasoline which, when placed in the heater, caused a fire and burned plaintiff.

Plaintiff intends to call Harold Trone as a witness to testify that defendants also sold him gasoline instead of kerosene. He would testify that his incident occurred about one year before plaintiff's purchase and that he notified defendants of the error. In both instances defendants were selling and dispensing both gasoline and kerosene from the same dispenser. The purpose of Mr. Trone's testimony is to show that defendants had notice of a potential danger and negligently failed to take adequate and appropriate measures to assure that the fuels would not be mistakenly dispensed.

Defendants filed a motion in limine challenging the relevancy of Mr. Trone's testimony.

It is true, as defendants contend, that proof that a person has done an act on one occasion is not probative of the contention that he did a similar act upon another occasion. If the proffered testimony were offered for that purpose we would find it irrelevant. However, as noted, plaintiff seeks to introduce this evidence to show notice.

Generally, "the fundamental consideration in determining the admissibility of evidence is whether the proferred evidence is relevant to the fact sought to be proved. Evidence is relevant if it tends to make a fact at issue more or less probable." *Martin v. Soblotney,* 502 Pa. 418, 422, 466 A.2d 1022, 1024 (1983). Special problems of relevancy may arise when a party seeks to introduce evidence which is removed in time from the incident in dispute. Nevertheless, such evidence may be admitted it if is similar enough to have strong probative value. Packel, *Pennsylvania Ev-*

*idence,* §412. Packel suggests that evidence of similar occurrences is not admissible to establish a pattern of negligence, but may be admitted to show that a party had notice of a dangerous condition. Section 412.2. See *Farrell v. Bonner,* 424 Pa. 301, 227 A.2d 683 (1967); *Yoffee v. Pennsylvania Power & Light Co.,* 385 Pa. 520, 123 A.2d 636 (1956); *Wyke v. Ward,* 81 Pa. Commw. 392, 474 A.2d 375 (1984); *Murphy v. Penn Fruit Co.,* 274 Pa. Super. 427, 418 A.2d 480 (1980).

Here, notice is relevant to the question of foreseeability and the degree of care exercised in light of that notice. Therefore, evidence of a prior sale of gasoline for kerosene out of the same dispenser when reported to the defendants tends to prove notice.

Prejudice might arise if the prior occurrence was too remote in time or if evidence of the prior occurrence would tend to confuse the jury. Defendants have not suggested that they were not the owners when the Trone incident was to have occurred or that a one-year passage of time is too remote to expect them to recall the circumstances. Furthermore, we believe the jury can be instructed, without confusion, regarding the limited purpose of Mr. Trone's testimony.

Accordingly, we enter the attached

## ORDER OF COURT

And now, March 13, 1990, defendants' motion in limine as to the proffered testimony of plaintiff's witness, Harold Trone, is denied.