524 A.2d 1039

Middletown Township, Appellant *v.* Alverno Valley Farms, Appellee.

Argued December 12, 1986, before Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Robert B. Surrick, Surrick Law Offices,* for appellant.

*Harry F. Dunn, Jr., Dunn and Miller Law Offices,* for appellee.

*Loudon L. Campbell, Calkins & Campbell,* for Amicus Curiae, Pennsylvania Builders Association.

OPINION BY SENIOR JUDGE KALISH, April 20, 1987:

Appellant, Middletown Township, appeals an order of the Court of Common Pleas of Delaware County which held that a local municipality business privilege tax is not applicable to appellee, Alverno Valley Farms. We reverse the trial court.

Appellee is a building and construction firm engaged in the business of erecting and constructing new residential dwellings in Middletown Township. A complaint was filed against appellee, and after a hearing on December 5, 1983, appellee was found guilty and fined for failure to pay the local municipality business privilege tax. The trial court reversed, holding that appellee was exempt from the tax. We disagree.

Section 2 of the Local Tax Enabling Act (Act), Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. 6902, delegates to municipalities the power "for general revenue purposes, to levy, assess and collect or provide for the levying, assessment and collection of such taxes as they shall determine on persons, transactions, occupations, privileges, subjects and personal property within the limits of such political subdivisions. . . ."

Section 2(11) of the Act, 53 P.S. §6902(11), further provides that local authorities shall *not* have authority to levy, assess or collect a tax on the construction of, or improvement to residential dwellings.

Pursuant to section 2 of the Act, 53 P.S. §6902, appellant enacted the Middletown Business Privilege Tax Ordinance (Ordinance No. 266). The sole basis for the taxing of builders lies in paragraph 23(A) of the Business Privilege and/or Mercantile Tax Rules and Regulations (local tax) which was enacted pursuant to Ordinance No. 266 and provides, "A contractor . . . engaged in the business of erecting buildings or other major construction work, is required to report as gross receipts all receipts derived from the performance of such contracts." Thus, the tax imposed was measured by gross receipts.

Section 3(c)(2) of Ordinance No. 266 exempts from municipality taxation any "privilege, transaction, subject or occupation" which is now or does hereafter become subject to a state tax or a license fee.

In a question of tax exemption, a municipal ordinance cannot be sustained to the extent that it is contradictory to or inconsistent with a state statute. However, a municipality may regulate certain occupations by imposing restrictions which are in addition to, but not in conflict with, statutory regulations. What we must determine is whether the legislature intended to deprive the municipality of its statutory power to levy a business privilege tax. Thus, we must determine whether the "general tenor" of the state statute was intended to preempt the field as to local taxation. *Western Pennsylvania Restaurant Association v. Pittsburgh*, 366 Pa. 374, 77 A.2d 616 (1951).

In *Pittsburgh v. Allegheny Valley Bank*, 488 Pa. 544, 412 A.2d 1366 (1980), and *Tavern Owners v. School District*, 441 Pa. 274, 272 A.2d 868 (1971), both the Banking Code[1] and the Liquor Code[2] were found to contain sufficiently comprehensive regulatory schemes to preempt every aspect of the industry which needed state protection, including local taxation. In *Commonwealth of Pennsylvania v. Wilsbach Distributors*, 513 Pa. 215, 519 A.2d 397 (1986), where the appellant was an importer and distributor of malt and brewed beverages, our Supreme Court held that the legislature had adopted a scheme of regulation so pervasive over the entire alcoholic beverage industry that it has "preempted the field" to the exclusion of all interference from subordinate legislative bodies including local taxation or regulation. However, in the instant case, there was no intent on the part of the legislature to control the building industry by a comprehensive regulatory scheme.

---

[1] Banking Code of 1965, Act of November 30, 1965, P.L. 847, No. 356, *as amended*, 7 P.S. §§101-2204.

[2] Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §§1-101—9-902.

In *Commonwealth v. National Biscuit Co.*, 390 Pa. 642, 652, 136 A.2d 821, 825 (1957), the court set forth the following test:

> In determining whether a tax duplicates another tax and results in double taxation prohibited to local authorities, the operation of incidence of the two taxes is controlling as against mere differences in terminology from time to time employed in describing taxes in various cases. The incidence of a tax embraces the subject matter thereof, and more important, the measure of the tax, i.e., the base or yardstick by which the tax is applied.

*See also, F.J. Busse Co. v. Pittsburgh*, 443 Pa. 349, 279 A.2d 14 (1971). Applying this test, we find that the local tax here does not tax the same privilege which is prohibited in section 2(11) of the Act, 53 P.S. §6902(11).

The local tax in this case does not tax the same subject matter as specified in section 2(11) of the Act, nor is it measured by the same base. The local tax is a tax on the privilege to do *business* and it is measured by the gross volume, determined by receipts, of business conducted by the taxpayer, whereas the prohibition under section 2(11) of the Act addresses taxes on the construction of a *residence,* and thus has no relationship to the volume of business conducted. The impact of the two taxes is on a totally different basis. Carrying on a construction *business,* such as that in which appellee is engaged, involves much more than the construction of a *residence.* Section 2(11) of the Act therefore does not prohibit the local tax which was enacted pursuant to Ordinance No. 266.

Accordingly, we reverse the trial court.

ORDER

Now, April 20, 1987, the order of the Court of Common Pleas of Delaware County, S.A. No. 444-83, dated August 17, 1984, is reversed.

Judge PALLADINO concurs in the result only.