**CHELTENHAM TOWNSHIP, Appellant,**

v.

**CHELTENHAM CINEMA, INC.**

Commonwealth Court of Pennsylvania.

Argued May 11, 1995.
Decided June 19, 1995.

---

Roberta L. Binder, for appellant.

Lewis A. Grafman, for appellee.

Before FRIEDMAN and NEWMAN, JJ., and LORD, Senior Judge.

FRIEDMAN, Judge.

Cheltenham Township (Township) appeals from the final order of the Court of Common Pleas of Montgomery County (trial court), barring the Township's collection of a business privilege tax from Cheltenham Cinema, Inc. (Cinema).

The Cinema operated the Cheltenham Twin Cinema, a movie theater in the Township, from 1978 until the theater closed in November 1987.[1] Pursuant to Pennsylvania's Local Tax Enabling Act (LTEA),[2] the Township, on December 30, 1976, enacted a Business Privilege Tax Ordinance (Ordinance No. 1400), which imposes an annual business privilege tax upon, *inter alia*, "operators of places of amusement providing either passive or active recreation." The Cinema filed both mercantile and business privilege tax returns during its years of operation; however, the Cinema paid these taxes on gross receipts derived from non-admission revenues such as the sale of refreshments and various miscellaneous items. The Cinema consistently refused to include admission ticket revenue as part of its gross receipts for the payment of Township taxes, justifying this refusal by citing section 2 of the LTEA, 53 P.S. § 6902, which provides in pertinent part:

> Such local authorities shall not have authority by virtue of this act:
>
> . . . .
>
> (10) To levy, assess or collect a tax on admissions to motion picture theatres. . . .

According to the Township's interpretation, however, this subsection, does not exempt the Cinema from paying a business privilege tax based on gross receipts that include ticket sales. The Township reasons that a business privilege tax is not a direct tax on admissions, i.e., the type of tax prohibited by subsection 2(10) of the LTEA, but, rather, is a tax imposed for the privilege of maintaining and operating a business in the Township. As such, the Township contends it is measured by the gross receipts generated from that operation, including admissions revenue.

Nevertheless, although the Cinema filed tax returns without this inclusion beginning in 1979, the Township did not formally challenge the Cinema until April 1983, when the Township wrote to the Cinema claiming underpayment of the business privilege tax. The Cinema responded by letter dated May 31, 1983, pointing out the statutory limitation in subsection 2(10) of the LTEA which it claimed denied the Township the authority to levy, assess or collect a tax on movie theater admissions. The parties were unable to agree despite continued communications and, on July 30, 1984, the Township commenced this action.[3] Prior to commencing the suit, the Township never estimated or assessed the business privilege tax due on the Cinema's gross receipts derived from admissions. In fact, it was at the non-jury trial on this matter, held on July 15, 1994, that the Township first provided an estimate of the tax allegedly due.

At a hearing before the trial court, the Township presented the testimony of several financial officers/tax collectors from nearby municipalities which contain movie theaters. They testified that their respective municipalities all had an ordinance similar to Ordinance No. 1400, pursuant to which they collected a business privilege tax on gross receipts, including admissions to the movie theaters operating in the municipality. In addition, the Township presented testimony from Ruth Damsker and David Webb, who are,

---

1. During these years, Cheltenham Cinema, Inc. merged into Budco Quality Theatres, Inc., which was subsequently renamed Budco Theatres, Inc. (Budco). Sometime after this merger, AMC Philadelphia, Inc. (AMC) acquired all of Budco's outstanding stock and operated the Cinema until its closing.

2. Act of December 31, 1965, P.L. 1257, *as amended*, 53 P.S. §§ 6901–6924.

3. The Cinema filed preliminary objections to the original complaint which were sustained, and the Township subsequently amended its complaint twice, filing the second amended complaint on December 5, 1989.

respectively, the current and former finance officer/tax collector of the Township. Mr. Webb provided an overview of the Cinema's tax returns throughout the relevant period, confirming that the Cinema failed to pay a business privilege tax on theater admissions revenue during the entire time and that the Township did not exercise its right to audit the Cinema until 1983.

For its part, the Cinema presented testimony from two officers of AMC Theatres, stating that in various locations, the Cinema does not pay, and the municipalities do not collect, business privilege taxes on motion picture admissions.

Based on the evidence presented, the trial court rendered a verdict in favor of the Cinema, determining that the collection of a business privilege tax on theater admissions was barred by section 2(10) of the LTEA, 53 P.S. § 6902(10). The trial court held further that the Township's failure to comply with the mandatory provisions of Article IX, section 3 of Ordinance No. 1400, pertaining to the estimation and assessment of the business privilege tax due by the taxpayer, also prevents the Township from maintaining this action. Finally, the trial court held that the five-year statute of limitations set forth in section 16 of the LTEA, 53 P.S. § 6916, operated to bar that portion of the Township's claim for taxes from tax year 1978. The Township filed post-trial motions which, after a review of additional briefs and further oral argument, the trial court denied.

The Township now appeals to this court, arguing that the trial court committed an error of law in determining that section 2(10) of the LTEA, 53 P.S. § 6902(10), bars the Township from collecting a business privilege tax from the Cinema, that the Township is preempted from collecting a business privilege tax from the Cinema by failing to comply with provisions of Article IX, Section 3 of Ordinance No. 1400, and that the Township is preempted from collecting a business privilege tax from the Cinema by failing to comply with the statute of limitations as set forth in section 16 of the LTEA, 53 P.S. § 6916.

We believe that the trial court, here, thoroughly addressed and correctly determined these issues based on the plain meaning of the LTEA and Ordinance No. 1400. Because the findings of fact made by the trial court are supported by competent evidence and the trial court did not commit an error of law, we affirm and adopt the opinion of Judge Stanley R. Ott in *Township of Cheltenham v. Cheltenham Cinema, Inc.,* —— Pa. D. & C.4th —— (No. 84–11815, filed January 27, 1995).

### ORDER

AND NOW, this 19th day of June, 1995, the order of the Court of Common Pleas of Montgomery County, dated July 21, 1994, at No. 84–11815, is hereby AFFIRMED.