CITY OF PHILADELPHIA and School
District of Philadelphia,
Appellants,

v.

TAX REVIEW BOARD OF THE CITY
OF PHILADELPHIA and Anna M.
Shott t/a Thrifty Scott Beverage

Commonwealth Court of Pennsylvania.

Argued Feb. 13, 1998.
Decided June 10, 1998.

Richard Feder, Philadelphia, for appellant.

Stewart M. Weintraub, Philadelphia, for appellee.

Before DOYLE and FRIEDMAN, JJ., and MIRARCHI, Jr., Senior Judge.

MIRARCHI Jr., Senior Judge.

The City of Philadelphia (City) and the School District of Philadelphia (School District) (collectively, Appellants) appeal from the order of the Court of Common Pleas of Philadelphia County (common pleas court) affirming, by stipulation of the parties, a decision of the Tax Review Board of Philadelphia (Board). The Board's decision, also entered by the stipulation of the parties, granted petitions for review and petitions for refund of twenty-eight beer distributors from use and occupancy tax (U & O tax) assessments imposed by the City. Appellants stipulated to the decisions against them because this Court had conclusively determined that beer distributors are not subject to the City's U & O tax in *Wissinoming Bottling Co. v. School District of Philadelphia,* 654 A.2d 208 (Pa.Cmwlth.1995), *aff'd by an evenly divided Court,* 543 Pa. 402, 672 A.2d 279 (1996). On this appeal, Appellants request that we revisit and overrule *Wissinoming.* For the following reasons, however, we decline to do so and affirm.

In *Wissinoming,* the City and School District appealed consolidated orders from the common pleas court that held that Appellants may not impose U & O taxes upon importing distributors of brewed and malt beverages because the tax was preempted by the Commonwealth's pervasive regulation and taxation of such beverages. Appellants argued before this Court that the common pleas court erred because: (1) the legislature did not intend, through regulation of the alcoholic beverage industry to preempt the imposition of the U & O tax on malt and brewed beverage distributors, and (2) the legislature did not intend to preempt school districts from imposing taxes designed to support public education, since school districts are agents of the Commonwealth charged with fulfilling the constitutional mandate of educating children. These are, in essence, the same arguments Appellants raise in this appeal.

In *Wissinoming,* we initially discussed the role of the City and the School District with regard to the imposition of the U & O tax. We noted that the Commonwealth had granted the City, not the School District, the

power to levy, assess, and collect taxes. The City was further authorized to impose taxes for the benefit of the School District. Thus, the U & O tax was created by a City ordinance for the benefit of the School District. The tax itself is imposed upon individuals or entities that use or occupy real estate in the School District for commercial purposes. It is assessed against the value of the real estate for that portion used or occupied for commercial purposes. It has been defined as a tax on the privilege of using real estate for business purposes. *Wanamaker v. Philadelphia School District*, 441 Pa. 567, 274 A.2d 524 (1971).

We determined in *Wissinoming* that the U & O tax may not be assessed against distributors of malt and brewed beverages because of our Supreme Court's decision in *Commonwealth v. Wilsbach Distributors, Inc.*, 513 Pa. 215, 519 A.2d 397 (1986). In *Wilsbach*, the Supreme Court considered the question of whether the Commonwealth, through its regulation of the alcoholic beverages industry, preempted the City of Harrisburg from imposing its business and mercantile tax on a distributor of malt and brewed beverages. After conducting a thorough review of the Liquor Code[1] and the various taxes already imposed upon the alcoholic beverage industry by the Commonwealth, the Court concluded that the General Assembly had "intended to regulate in plenary fashion all aspects of the alcoholic beverage industry." *Wissinoming*, 654 A.2d at 211. The Court stated its conclusions in this manner:

> The regulatory scheme now under review controls a state-run monopoly, maintained for the health, welfare, and safety of the citizens of this Commonwealth and upon which the Commonwealth depends for substantial revenues. Such pervasive control over all phases of the liquor industry, along with the extensive taxation and fees imposed, indicates the legislature's intent to control this industry and to receive all benefits inherent by regulating the industry, including raising revenues through regulation to the exclusion of all local attempts to interfere with the state regulation by imposing taxes on a local level.

We conclude that the legislature has adopted a scheme of regulation so pervasive over the entire alcoholic beverage industry, that it has 'pre-empted the field' to the exclusion of all interference from subordinate legislative bodies. Such pre-emption by the legislature bars local legislative control by regulation or taxation.

*Wilsbach*, 513 Pa. at 223–24, 519 A.2d at 402. Indeed, the Court determined that with respect to the alcoholic beverage industry, "the only concessions to municipalities is their right to exclude any or all classes of licensees (i.e., dry municipalities) ... and to exercise appropriate zoning controls." *Id.* at 222, 519 A.2d at 401. The Court further determined that Harrisburg's business privilege tax constituted a tax on the privilege of operating malt and brewed beverage distributorships. As such, the Court reasoned, the tax was preempted by the Commonwealth as the Commonwealth controlled the privilege of operating such a distributorship.

Based on this holding, we determined in *Wissinoming* that the U & O tax, as a tax on the privilege of using real estate for business purposes in the School District, was preempted by the Commonwealth. We held:

> A malt and brewed beverages distributorship cannot be operated at all unless it occupies and uses real estate. A distributor must operate in a location and on real estate approved by the Commonwealth, and approval of the premises used for such distributorship is an integral part of the licensing process.... The U & O tax, thus, directly impacts on [a distributor's] privilege to operate a distributorship. Therefore, because the privilege of operating a malt and brewed beverages distributorship is granted by the Commonwealth and cannot be taxed or regulated by the City, we hold that the City's U & O tax is preempted by the Liquor Code and by the taxes of alcoholic beverages enacted by the Commonwealth....

*Wissinoming*, 654 A.2d at 212.

We declined to accept Appellants' argument that we should not follow *Wilsbach*

---

1. Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §§ 1–101—8–803.

because it is a plurality opinion.[2] We noted that a majority of the justices in *Wilsbach* agreed that the General Assembly has preempted local regulation of the alcoholic beverages industry. We also found that the lead opinion in *Wilsbach* was "highly persuasive." *Wissinoming,* 654 A.2d at 212 n. 6. Further, we noted that this Court had previously followed *Wilsbach* in an opinion that the Supreme Court declined to hear on appeal.[3] Thus, we determined that we would follow *Wilsbach* despite its status as a plurality opinion.

We also rejected Appellants' argument that it is inappropriate to preempt the U & O tax because the School District is a state agency charged with the constitutional mandate to provide and fund public schools. We first noted that it is the City who levied the tax not the School District, which lacks the authority to levy and collect taxes. We then noted that although "school districts are agencies of the Commonwealth, the City has not cited, nor has our research revealed, any authority showing that school districts are the equivalent of the Commonwealth for the purpose of levying taxes." *Wissinoming,* 654 A.2d at 213. Thus, we rejected the "assertion that the U & O tax is saved from preemption, because the tax benefits the School District." *Id.*

In the present appeal, Appellants argue that beer distributors are not entitled to a "special implied" exemption from local taxation for several reasons. First, Appellants argue that *Wilsbach* is of limited applicability, that it did not forbid all local taxation of beer distributors, and that it in fact provided that each tax is to be examined on its own merits to determine whether the tax has been preempted. With regard to the latter point, Appellants contend that the U & O tax is a "neutral" and "non-discriminatory" tax based on the commercial use of real estate that has no greater effect than a basic real estate tax, and that general real estate taxes may be imposed upon distributors of malt and brewed beverages pursuant to *Wilsbach.*

Next, Appellants argue that more recent law has undercut the argument that all local taxes on beer distributors are preempted. Finally, Appellants argue that it is inappropriate to presume that the General Assembly intended to create a special implied exemption from local taxes designed to benefit a school district, particularly in light of the current difficulties the School District faces in deriving adequate funding. Aside from the issue concerning more current law, all of these issues have been either directly or indirectly disposed of in *Wissinoming,* which Appellants argue is erroneous and should be overturned.

This Court's scope of review of a local agency decision, where the common pleas court takes no additional evidence, is limited to a determination of whether constitutional rights were violated, an error of law was committed, or the Board's findings of fact were supported by substantial evidence. Section 754(b) of the Local Agency Law, 2 Pa.C.S. § 754(b); *Insinger Machine Co. v. Philadelphia Tax Review Board,* 165 Pa. Cmwlth. 344, 645 A.2d 365 (1994), *petition for allowance of appeal denied,* 540 Pa. 624, 657 A.2d 494 (1995). Here, of course, the facts and law were stipulated to below; what Appellants request is that we revisit the law. Moreover, this Court under a similar factual scenario in *Wissinoming* addressed the identical issues. Thus, this case is governed by the rule of *stare decisis.* As our Supreme Court has stated:

> The rule of *stare decisis* declares that for the sake of certainty, a conclusion reached in one case should be applied to those which follow, if the facts are substantially the same, even though the parties may be different.

*Commonwealth v. Tilghman,* 543 Pa. 578, 588 n. 9, 673 A.2d 898, 903 n. 9 (1996). Further, we have determined that *stare decisis* binds us to follow decisions of our own court until they are either overruled " 'or compelling reasons persuade us otherwise.' " *Pennsylvania Ass'n of Milk Dealers v.*

---

**2.** Justice Papadakos's opinion in *Wilsbach* was joined by one justice, three justices concurred, and two justices dissented.

**3.** *Dean v. City of Harrisburg,* 128 Pa.Cmwlth. 431, 563 A.2d 965 (1989), *petition for allowance of appeal denied,* 526 Pa. 640, 584 A.2d 322 (1990).

*Pennsylvania Milk Marketing Board,* 685 A.2d 643, 647 (Pa.Cmwlth.1996) (quoting *County of Armstrong v. Workmen's Compensation Appeal Board (Ross and Borough of Kittanning),* 81 Pa.Cmwlth. 474, 473 A.2d 755, 757 (1984)).

The compelling reasons to disregard *Wissinoming* stated by Appellants are that the case was wrongly decided and that subsequent case law has cast doubt upon its validity. Appellants proceed with their argument as if the Supreme Court has not held that the General Assembly intended to preempt local taxation of malt and brewed beverage distributors in *Wilsbach* and has not affirmed our Court's adherence to this principle in *Wissinoming.* Rather, Appellants argue that the beer distributors in this case had not established their entitlement to a "special exception" from the U & O tax and then proceed to argue that such an "exemption" is not logical, in accordance with law, or supportive of the constitutional requirement that the School District provide for appropriate public education. These arguments have nothing to do with whether the Commonwealth has preempted local regulation and taxation from the field, however. The beer distributors in this case established their "exemption" simply by reference to the standing law of the Commonwealth. We turn, then, to more recent law that Appellants argue undercuts both *Wissinoming* and *Wilsbach.*

■ Appellants first argue that the validity of *Wilsbach* has been cast into doubt by a 1994 amendment to the Liquor Code. Section 8 of the Act of October 5, 1994, P.L. 522, added 47 P.S. § 4–493.1 to the Liquor Code, providing: "Nothing in this act shall be construed to preempt the right of any municipality to regulate zoning and enforce any other local ordinances and codes dealing with health and welfare issues." This provision, however, is silent concerning local taxation, and there is nothing in the section that indicates that the term "health and welfare issues" is to be construed so broadly as

to include taxation. In light of *Wilsbach* and *Wissinoming,* had the legislature intended that local bodies may assess local taxes against distributors of malt and brewed beverages it would have so plainly stated. Indeed, Justice Zappala, concurring in *Wilsbach,* expressed his trust that that the General Assembly would correct any erroneous interpretation of its intent to preempt a field. *Wilsbach,* 513 Pa. at 228, 519 A.2d at 404. The legislature has been silent as to the interpretation attributed to it in *Wilsbach* and *Wissinoming.* We must therefore presume that *Wilsbach* and *Wissinoming* remain consistent with legislative intent. Section 1922(4) of the Statutory Construction Act, 1 Pa.C.S. § 1922(4); *Commonwealth v. Wanamaker,* 450 Pa. 77, 296 A.2d 618 (1972).

■ Appellants also argue that two decisions of this Court also undercut the validity of *Wissinoming: Provident Mutual Life Insurance Co. v. Tax Review Board of the City of Philadelphia,* 658 A.2d 500 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 542 Pa. 653, 666 A.2d 1060 (1995), and *Clement & Muller, Inc. v. Tax Review Board of the City of Philadelphia,* 659 A.2d 596 (Pa.Cmwlth. 1995), *petition for allowance of appeal granted,* 543 Pa. 731, 673 A.2d 337 (1996). We must note initially, however, that no case of this Court may overrule a case of the Supreme Court. We may not overturn *Wilsbach.* Moreover, the general principle espoused by a majority of Justices in *Wilsbach,* that "the existence of comprehensive regulatory schemes" in the liquor industry preempts "local taxation measures," has been recently restated in a *majority* decision of our Supreme Court in *Cheltenham Township v. Cheltenham Cinema, Inc.,* 548 Pa. 385, 389, 697 A.2d 258, 260 (1997). *Wissinoming* followed that principle and was *affirmed* by our Supreme Court. Therefore, any discussion of this Court's subsequent case law, that does not in any way overrule *Wissinoming,* is of no avail.[4]

4. Moreover, *Provident Mutual* actually reaffirms the principle that the Commonwealth has preempted local regulation and taxation of the liquor industry based not only upon the Commonwealth's pervasive regulation and taxation,

but public policy considerations as evidenced by the passage of the Eighteenth and then the Twenty–First Amendments to the United States Constitution. *See* 658 A.2d at 502–03. *Clement & Muller* permitted the City to impose its business

Accordingly, the order of the common pleas court must be affirmed.

### ORDER

AND NOW, this 10th day of June, 1998, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.

privilege tax upon beer distributors based upon the fact that the tax in *Wilsbach* was enacted under an enabling act that by its own terms invalidated the tax. The *Clement & Muller* court then observed that the enabling act allowing for the City's tax indicated that it applied to any and all businesses, in contrast to the tax in *Wilsbach.* Only one Justice in *Wilsbach,* however, deter-

mined that the distributors could not be taxed solely because of the enabling act (then Chief Justice Nix, concurring). Four Justices determined that the local tax could not be applied because of the Commonwealth's preemption. Our decision in *Clement & Muller* is still under review by the Supreme Court.