57 A.3d 1136

SHELLY FUNERAL HOME, INC., Carroll Engineering Corp., Richard B. Sherker, Individually and t/a S & H Landscaping Contractors, Lankford Landscaping, LLC, Bugajewski Facility Services, LLC, Valts Roofing Company, Inc., Hellers Seafood Market, Inc., Hill's Cleaners and Dyers, Inc. d/b/a Hill's Cleaners, Judel Corporation d/b/a Jem Jewelers, Win Far, Inc. Trading as Villabarolo Ristorante & Wine Bar, F.E. Buehler & Son, Inc., Dirshtik, Inc., t/a Thirsty's Beer, Tech Environments, Inc., O.P. Schuman & Sons, Inc., Earthborne, Inc., Limbach Compa-

ny, LLC, and Bostock Company, Inc., Polysciences, Inc., The Pansy Shop, Inc., Landtech Enterprises, Inc., Bahavi Motel, LLC d/b/a Hampton Inn, Lentzcaping, Inc., Langan Engineering and Environmental Services, Inc., Continental Property Management, Inc., The Lingo Group, Inc., Dentrust Dental International, Inc. and Harris and Harris, PC, Appellants

v.

WARRINGTON TOWNSHIP and Warrington Township Board of Supervisors, Appellee.

Supreme Court of Pennsylvania.

Argued Nov. 30, 2010.

Decided Dec. 18, 2012.

Stephen B. Harris, Harris & Harris, P.C., Warrington, for Shelly Funeral Home et al.

William H.R. Casey, Doylestown, for Warrington Township & Warrington Township Brd. of Supervisors.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, ORIE MELVIN, JJ.

## OPINION

Justice SAYLOR.[1]

The issue presented is whether an ordinance imposing a fixed tax on businesses with gross receipts over a certain threshold violates a statute prohibiting business privilege taxes "on gross receipts or parts thereof."

Pursuant to the Local Tax Enabling Act of 1965 (the "LTEA"), in 2009 the Warrington Township Board of Supervisors (the "Board") enacted Ordinance 09–0–1, entitled "Mercantile and Business Privilege Tax," which imposes a $2,600 annual business privilege tax on all businesses in the township with gross receipts over $1,000,000, and exempts from liability all businesses with gross receipts of $1,000,000 or less.[2] Appellants, twenty-seven businesses located within the township, challenged the validity of the ordinance in the common pleas

---

1. This matter was re-assigned to this author.

2. Under the ordinance, "gross receipts" are "[c]ash, credit or property of any kind or nature, received or allocable or attributable to business conducted in the Township of Warrington without deduction therefrom on account of the cost of property, of the material used or the labor, the service performed or any other cost of doing business." Warrington Township Ordinance No. 09–0–1 § 603, *reproduced* in R.R. 38a.

court, arguing, *inter alia*, that it violates Section 533(a) of the Local Tax Reform Act,[3] which states in relevant part:

After November 30, 1988, . . . no political subdivision may levy, assess or collect or provide for the levying, assessment or collection of a mercantile or business privilege tax on gross receipts or part thereof.

72 P.S. § 4750.533(a).

At a hearing before the trial court, the parties agreed that the case could be decided on the briefs and the notes of testimony of the public hearings before the Board.[4] That testimony reveals that: (1) the Ordinance was enacted to generate enough revenue to close a $400,000 budget shortfall; and (2) in considering the nature of the tax, the Board took into account the number of businesses that would be subject to the tax, the flat amount that each would have to pay to generate the revenue needed to cover the shortfall, the number of businesses that would be exempt from the tax at different levels of gross receipts, and the fact that businesses that generate more than one million dollars in gross receipts tend to be larger and require more municipal resources than those with lower gross receipts. Appellants argued that, because the ordinance imposes a flat tax for businesses earning over $1,000,000, while exempting businesses with gross receipts below that amount, it constitutes a tax "on gross receipts or part thereof," namely, the part of gross receipts over $1,000,000.

The common pleas court upheld the ordinance, explaining that it imposes a flat tax, albeit with an exemption for any business earning no more than $1,000,000 in a particular year. Thus, because the tax is not levied as a *percentage* of a

3. Act of Dec. 13, 1988, P.L. 1121, No. 145 (as amended 72 P.S. §§ 4750.101–4750.3112) (the "LTRA"). Although much of LTRA has been repealed, Section 533 remains in force.

4. The primary transcript relied on by both parties is that of the December 9, 2008 public hearing of the Board. At the conclusion of that hearing, the Board adopted the Ordinance in question. Due to a minor procedural defect, however, the Board readopted the Ordinance at its subsequent February 2009 meeting. This aspect of the enactment history is of no moment to the legal issue raised herein.

business's gross receipts, the court reasoned that it does not constitute an improper tax "on" gross receipts for purposes of Section 533(a) of the LTRA.

The Commonwealth Court affirmed in an unpublished disposition, rejecting Appellants' contention that the ordinance levies a tax on that part of a taxpayer's annual gross receipts in excess of $1,000,000. The court explained that, on its face, the ordinance does not tax any portion of gross receipts, but rather, imposes a flat tax. In this regard, the court observed that flat taxes were deemed permissible in *Smith and McMaster, P.C. v. Newtown Borough,* 669 A.2d 452 (Pa.Cmwlth.1995) (*en banc*) (upholding a flat $100 business privilege tax levied on all for-profit business within the municipality). *See Shelly Funeral Home, Inc. v. Warrington Twp.,* No. 769 C.D.2009, *slip op.* at 4–5, 985 A.2d 310 (Pa.Cmwlth. Dec. 31, 2009) (unpublished memorandum).[5]

This Court granted further review, limited to the question of whether the Ordinance violates Section 533 of the LTRA. Because the overarching issue is one of law, and as the facts as reflected in the Ordinance and as related in the transcripts of the Board's hearings in December 2008 and February 2009 are not in dispute, we exercise plenary review.[6]

Appellants acknowledge that an ordinance imposing a flat tax on all businesses in a township is lawful under the holding of *Smith and McMaster.* They note, however, that the challengers' argument in that matter was that the tax was invalid because it was inevitably paid out of each business's gross receipts—a position that was rejected since the amount of the tax was in no way dependent on the amount of gross receipts,

5. The common pleas and intermediate courts also rejected other challenges to the Ordinance, including one based on tax uniformity precepts. Those issues are not before this Court in view of the limited grant of discretionary review. *See Shelly Funeral Home, Inc. v. Warrington Twp.,* 606 Pa. 49, 994 A.2d 1082 (2010) (per curiam).

6. During proceedings in the common pleas court, the parties effectively stipulated to the contents of, *inter alia,* the Board's December 9, 2008, hearing transcript. *See* N.T. Feb. 18, 2009, at 2, 6, *reproduced* in R.R. 264a, 268a; *see also supra* note 4. Thus, we may rely on the statements of the Board members as contained therein during our review.

and the source of the payments was deemed immaterial for Section 533(a) purposes. *See Smith & McMaster*, 669 A.2d at 455. Appellants maintain that the situation here is different because the present Ordinance only imposes a tax on a business when its annual gross revenue exceeds $1,000,000. Therefore, Appellants reason, the tax depends on, and is calculated with respect to, a business's gross receipts, making it a tax "on gross receipts *or part thereof*"—in particular, that part of gross receipts that exceeds the $1,000,000 threshold. Appellants claim that, in reaching a contrary conclusion, the Commonwealth Court failed to recognize the difference between a tax that is imposed on all businesses in a municipality and one that is imposed on only those meeting a certain annual threshold of gross receipts. They also assert that the common pleas court erred by limiting the scope of the Section 533(a) proscription to taxes calculated as a percentage of gross receipts.

Appellants continue that this conclusion—that the tax depends on, and is calculated with respect to, gross receipts—is confirmed by the manner in which the Board arrived at the tax. During its meetings, Appellants contend, the Board did not consider a flat tax on all business, but instead debated the amount of the tax that would have to be imposed at each exemption level in order to generate the funds required to alleviate the $400,000 budget shortfall. As such, Appellants argue that the tax imposed under the Ordinance ultimately depends (and was designed to depend) on the gross receipts of each business in the township.

Appellees, the Board and Warrington Township, argue that, in *Smith and McMaster*, the Commonwealth Court concluded that a flat business privilege tax paid from gross receipts is permissible under Section 533(a), and that it logically follows that only taxes based on a percentage of gross receipts are prohibited by that provision. Since the flat levy of $2,600 per non-exempt business is set by ordinance and not calculated based on the taxpayer's actual gross receipts, Appellees reason it is not a tax "on gross receipts or part thereof" for Section 533(a) purposes.

■ This matter "presents an issue of statutory interpretation, in which our task is to determine the will of the General Assembly using the language of the statute as our primary guide." *Mitchell Partners, L.P. v. Irex Corp.*, 617 Pa. 423, 434, 53 A.3d 39, 45 (2012) (citing 1 Pa.C.S. § 1921). The central interpretive question concerns whether the phrase, "on gross receipts or part thereof," as used in Section 533(a), 72 P.S. § 4750.533(a), was intended to subsume the type of ordinance presently in issue. The LTRA does not define the phrase, and it does not appear to be a term of art with a special, technical meaning within the arena of tax law. Thus, we must construe its words according to their common and approved usage. *See* 1 Pa.C.S. § 1903(a).

Consistent with the common pleas court's holding, a tax measured by gross receipts is a tax "on" gross receipts. *See generally Trinova Corp. v. Mich. Dep't of Treasury*, 498 U.S. 358, 374, 111 S.Ct. 818, 829, 112 L.Ed.2d 884 (1991); *Airpark Int'l v. Interboro Sch. Dist.*, 558 Pa. 1, 735 A.2d 646 (1991) (equally divided court). It does not follow, however, that Section 533(a) prohibits only that type of tax, particularly since the word "on" is not necessarily synonymous with "measured by" or restricted in its meaning to percentage-based liability schemes. Here, it is not the amount of the tax that is measured based on the taxpayer's gross receipts. Rather, the applicability of the tax to a particular category of taxpayers is defined by the amount of the taxpayer's gross receipts in a given tax year. Whether Section 533(a) precludes an ordinance of this nature is an issue of first impression.

We need not presently determine the viability of all flat taxes containing an exemption based on a threshold level of gross receipts. For example, nothing in this Opinion should be viewed as evaluating the permissibility of a flat tax subject to a very modest gross-earnings threshold predicated on a business's ability to pay the tax. Here, however, the $1,000,000 threshold and the $2,600 tax amount were not established based on this type of concern. Rather, as Appellees concede, a high threshold for tax liability was favored as a convenient

proxy for storefront businesses and "big-box" stores that consume the most municipal resources, *see* Brief for Appellees at 2 (quoting N.T., Dec. 9, 2008, at 36, *reproduced in* R.R. 160a), and Appellants emphasize further that the specific exemption figure and tax amount were calibrated at various different levels to ascertain which set of numbers would be sufficient to close the township's $400,000 budget gap, *see* Brief for Appellants at 8–9 (quoting N.T., Dec. 9, 2008, at 52–53, 63, *reproduced in* R.R. 176a–177a, 187a).

Board members also expressed their dissatisfaction that Section 533(a) prevented a "sliding scale" type of tax, N.T. Dec. 9, 2008, at 8, *reproduced* in R.R. 132a, since that prohibition made it more difficult to achieve tax fairness by taxing large businesses more than small ones. *See* N.T. Dec. 8, 2008, at 7, *reproduced* in R.R. 131a; *see also id.* at 37, *reproduced* in R.R. 161a (statement of a Board member that "we feel that a percentage tax i[s] the most fair way . . ., but unfortunately the State Legislature does not allow u[s] to have that type of tax").[7] Additionally, a small flat tax on all businesses was suggested, but was not seriously considered because the Board felt that it would not "put the tax where the cost is," *id.* at 58, *reproduced in* R.R. 182a, namely, with the businesses that generate significant gross revenues. Thus, the Board ultimately chose a $2,600 flat tax with a million-dollar gross-receipts exemption because, at that level, it could balance its budget by taxing only large businesses. *See id.* at 25, *reproduced in* R.R. 149a (statement of the Board Chairperson that "if we had a tax that was [only several hundred dollars] we would have to tax down to levels of small business and that's what we didn't want to do.").

We can appreciate the underlying logic of the Board's rationale insofar as it considered that businesses with high gross receipts tend to be larger and more likely than small ones to consume municipal resources such as police services.

---

7. *See generally id.* at 19, *reproduced in* R.R. 143a (reflecting that the Board was seeking to calibrate its tax so as to ensure the larger businesses paid a "fair share"); *id.* at 7, *reproduced in* R.R. 131a (testimony that a $250,000 exemption level could "hurt small business" and hence, a $750,000 exemption would be preferable).

As well, we have no reason to doubt that the tax itself may have been designed as a salutary measure to serve public purposes, most notably, balancing the township's budget. Still, this Court's role is to evaluate the tax's legality, not its wisdom or fairness—topics that, in any event, are more suited to legislative decision-making.

Insofar as legality is concerned, the General Assembly, for reasons of its own, has precluded municipalities from laying a tax on any part of a business's gross receipts. *See* 72 P.S. § 4750.533(a). *See generally City of Phila. v. Schweiker,* 579 Pa. 591, 605, 858 A.2d 75, 84 (2004) (explaining that municipalities are creatures of the state and have only such authority as the state expressly grants them). As illustrated by the above examples, the Board's method of calculating the dollar amount of both the tax and the threshold for exemption indicates that its intent was to approximate a business privilege tax where the taxpayer's liability would depend upon its gross receipts. The Board would apparently have preferred a sliding-scale tax, but as that option was foreclosed by law, it enacted a business privilege tax that it viewed as the best substitute: a substantial flat tax with a high exemption threshold designed to tax large businesses while shielding small ones from liability. We conclude that, when construed according to its common and approved usage, the prohibition on levying a business privilege tax "on gross receipts or part thereof" was intended to cover this type of tax. Therefore, we find that, regardless of how well intentioned, the Board's actions were contrary to Section 533(a).

It may also be noted that, in practical effect, the Ordinance lays a tax on that portion of a business's gross receipts that exceed $1,000,000, as Appellants have emphasized throughout this litigation. This is relevant because, irrespective of how taxes are described, reviewing courts assess their validity based on how they operate in practice. *See Okla. Tax Comm'n v. Jefferson Lines, Inc.,* 514 U.S. 175, 183, 115 S.Ct. 1331, 1337, 131 L.Ed.2d 261 (1995); *Airway Arms, Inc. v. Moon Area Sch. Dist.,* 498 Pa. 286, 300, 446 A.2d 234, 241 (1982); *see also Allfirst Bank v. Commonwealth,* 593 Pa. 631,

643 n. 10, 933 A.2d 75, 82 n. 10 (2007); *Commonwealth v. E. Motor Express, Inc.,* 398 Pa. 279, 297, 157 A.2d 79, 89 (1959) ("[I]n the last analysis the nature of the tax depends not upon its label, but upon its incidence, i.e., its practical operation and effect."). We therefore conclude that the Ordinance cannot be sustained.

Accordingly the order of the Commonwealth Court is reversed, and the matter is remanded for entry of judgment in favor of Appellants.

Justice ORIE MELVIN did not participate in the decision of this case.

Chief Justice CASTILLE, Justices EAKIN, BAER, TODD and McCAFFERY join the opinion.