**[J-55-2015] [MO: Saylor, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

GEORGE D. FISH, STEPHEN HRABRICK : No. 29 MAP 2015
AND JONATHAN A. BRISKIN, :
                         : Appeal from the Order of the
           Appellees : Commonwealth Court dated September
                         : 19, 2014 at No. 1940 CD 2013 Affirming
                         : in Part & Reversing in Part the Order of
           v. : the Montgomery County Court of
                         : Common Pleas, Civil Division, dated
                         : September 23, 2013 at No. 2012-02530
TOWNSHIP OF LOWER MERION, :
                         : ARGUED:  September 10, 2015
           Appellant :

## CONCURRING OPINION

**MR. JUSTICE BAER**                               **DECIDED:  December 21, 2015**

I join the majority opinion to the extent it holds that taxing the privilege of doing business as a landlord is not the same as taxing leases.  We have consistently held that a business privilege tax is distinct from a transactional tax.  See, e.g., Gilberti v. City of Pittsburgh, 511 A.2d 1321 (Pa. 1986) (holding that levying a tax on the privilege of doing business is not the same as taxing the individual transactions of that business).  However, that does not mean that a taxing authority may cloak a prohibited transactional tax merely by designating it a business privilege tax.  See Shelly Funeral Home, Inc. v. Warrington Twp., 57 A.3d 1136, 1141 (Pa. 2012) (providing that the substance of a tax should dictate the validity of the tax).  Moreover, the fact that a taxing authority applies its business privilege tax to all businesses equally should not allow a taxing authority to impose an otherwise impermissible tax.

A business privilege tax must be distinguishable from a prohibited transactional tax for it to be valid. See School District of Scranton v. Dale & Dale Design & Development, Inc., 741 A.2d 186 (Pa. 1999) (finding that taxing a residential contractor's privilege of conducting business within the city, determined by the gross receipts of his business, is not a tax upon the construction of a residential dwelling); Cheltenham Twp. v. Cheltenham Cinema, Inc., 697 A.2d 258, 261 (Pa. 1997) (finding that a business privilege tax on a movie theater was permitted despite a prohibition on a transactional tax on "admissions to motion picture theaters" because the business privilege tax did not tax "the identical subject matter" nor was it "measured by the same base" as the prohibited transactional tax).

The statute here prohibits "any tax . . . on leases or lease transactions." 53 P.S. § 6924.301.1(f). A lease is a contract. The prohibition does not purport to cover rental income or revenue derived from leases. It merely prohibits a direct tax on leases, as we found in Lynnebrook & Woodbrook Associates, L.P. v. Borough of Millersvale, 963 A.2d 1261 (Pa. 2008). The tax at issue is not a tax on leases. It is a tax on the privilege of doing business within the township. As I view the privilege of doing business as a landlord to be distinct from a tax on a lease, I agree that the tax at issue is not prohibited.